FILED

2020 FEB -7 PM 5:01

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____C_____

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Alexander E. Jones,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.: A20 CV 151 LY |
| | § | Removed from Travis County |
| **Kelly R. Jones,** | § | District Court Cause No. |
| Respondent. | § | D-1-FM-15-005030 (261st Dist). |

### Kelly R. Jones'
### NOTICE OF BANKRUPTCY REMOVAL
### 28 U.S.C. §1452 and Rule 9027 of the
### Federal Rules of Bankruptcy Procedure

TO THE HONORABLE JUDGE OF SAID COURT:

1. I, the undersigned Kelley R. Jones, Defendant/Respondent and Counter-petitioner to Alexander E. Jones' Petition to Modify Custody of three minor children R.A.J., C.A.J., and G.C.J., hereby file this my Notice of Bankruptcy Removal pursuant to 28 U.S.C. §§1334 & 1452, as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

2. This Notice of Removal is Timely because I filed my Involuntary Petition against Alexander Emric Jones on January 24, 2020.

3. I attach the docket for 20-10118-hcm (through February 4, 2020) as Exhibit A to this Notice of Removal.

4. The Texas Family Code case herein removed both arises from and touches upon the same series of transactions & occurrences as give rise to

*Notice of Bankruptcy Removal Pursuant to 28 U.S.C. §§1334 & 1452*                                           1

my involuntary bankruptcy procedure against Alexander Emric Jones, arising from my acceleration of his note (See Exhibit B) and deeds of trust securing our divorce settlement (Exhibits C & D).

5.  Within the structure and context of the Involuntary Bankruptcy proceedings, I plan on foreclosing on his note and selling his houses pursuant to the deeds of trust.

6.  The debt constituting the basis for involuntary bankruptcy qualifies as a domestic relations debt for the following reasons:

7.  Under current law, a domestic support obligation is defined as a debt that accrues before, on or after the date of the order for relief. To qualify as a domestic support obligation, the debt must satisfy four requirements:

> [the debt must be]
> (A) owed to or recoverable by—
> (i) a spouse, former spouse, or child of
> the debtor or such child's parent, legal
> guardian, or responsible relative;
> or
> (ii) a governmental unit TTT
> (B) in the nature of alimony, maintenance,
> or support TTT of such
> spouse, former spouse, or child of
> the debtor or such child's parent,
> without regard to whether such debt
> is expressly so designated:
> (C) established TTT by reason of TTT
> (i) a separation agreement, divorce
> decree, or property settlement agreement;
> (ii) an order of a court of record TTT
> (D) not assigned to a nongovernmental

*Notice of Bankruptcy Removal Pursuant to 28 U.S.C. §§1334 & 1452*                    **2**

> entity, unless TTT assigned voluntarily
> TTT for the purpose of collecting
> the debt.
> 11 U.S.C. § 101(14A) (2006).

8. There is absolutely no question that the obligations arising from my divorce from Alexander Emric Jones evidenced by the documents attached in Exhibits B, C, and D qualify as domestic support obligations.

## PRAYER FOR RELIEF

9. WHEREFORE, I ask, move, and pray that this Court take notice of my Notice of Removal pursuant to 28 U.S.C. §1452.

10. I pray that this Court honor my demand for trial-by-jury in all aspects and elements of the case herein removed, including declaratory judgment.

11. I ask, move, and pray that the Court take note of the 261st Texas District Court's repeated denial of my equal rights to offer and present evidence in Court and its intentional, arbitrary, irrational and unjustified denial of equal access to the courts in violation of 42 U.S.C. §1981.

12. I ask, move, and pray that this Court certify me as a "Class of One" for purposes of analyzing the denial of equal protection against me in the Travis County District Court's handling of the case of Jones v. Jones.

13. This court should rea my present Notice of Removal in conjunction with my anticipated Rule 59(e) motion to amend or alter judgment, and/or under Rule 60 for relief from judgment, of this court's previous rotely

*Notice of Bankruptcy Removal Pursuant to 28 U.S.C. §§1334 & 1452*      **3**

written order of remand filed and entered January 15, 2020 in case 1:20-cv-00009-LY.

Signed, Served, and Executed in Austin, Texas, on this Friday, 7th day of February, 2020.

Respectfully Submitted,

*Kelly R. Jones* (signature)

**Kelly R. Jones *in propria persona*,**
*Removing Respondent,* **pro se**
From Travis County 261st District Court
Texas Civil Cause No. D-1-FM-005030
11601 Hwy 290 W.
Suite A101-307
Austin, Texas 78737
Designated Legal Ph# **888-995-3559**

## VERIFICATION

The undersigned states under oath: "I am the Removing Respondent in the above-and-foregoing Notice of Bankruptcy Removal." I have read and reviewed the statements contained therein, and all the facts stated herein are within my personal knowledge and are true and correct.

                                                                     *[signature]*
                                                                     Kelly R. Jones, ***pro se***
                                                                     Petitioner, ***in propria persona***

### Notary's Jurat

Kelly R. Jones, a person known to me and/or presenting legally sufficient identification, SIGNED under oath in person before me on Friday, February 7, 2020.



                                                                     *[signature]*
                                                                     Notary Public, State of Texas

TIMOTHY L. STUCKEY
Notary Public, State of Texas
Expires SEPT 4, 2023
I.D.# 132155086

**My Commission Expires:** 09/04/23 .

**Printed name of notary:** Timothy Stuckey .

**Business address of notary:** 3300 Bee Caves Rd, Ste 650 .