# Exhibit D:
## Alexander Emerick Jones' Grant of Deed of Trust in Pedernales Hills Ranch Blanco County March 19, 2015

¶15. Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

# 150815

## Deed of Trust  COT

3-19-15  2:25

Date:

Grantor: Alexander Emerick Jones

Grantor's Mailing Address: 101 Colorado Street, #3605, Austin, Travis County, Texas 78703

Trustee: James S. Gilbreath

Trustee's Mailing Address: 1301 S. Capital of Texas Highway, Suite C-120, Austin, Travis County, Texas 78746

Beneficiary: Kelly R. Jones

Beneficiary's Mailing Address: 12250 Trautwein Road, Austin, Hays County, Texas 78737

Note

Date:

Original Principal Amount: $2,727,951.00

Maker: Alexander Emerick Jones

Payee: Kelly R. Jones

Filed this 26 day of Mar 20 15
11:34 AM
Laura Walla
County Clerk, Blanco County, Texas
By _____ Deputy

Maturity Date: Payable in 72 equal monthly installments of $43,933.00 each beginning 45 days after the signing of the Final Decree of Divorce in Cause No. 13-2647 by the Presiding Judge of the 428th Judicial District Court of Hays County, Texas.

Property (including any improvements):

Pedernales Hills Ranch, Lot 18, 5.01 Acres, legally described as BEING Tract 18, PEDERNALES HILLS RANCHES, a subdivision situated in Blanco County, Texas, according to Plat in Volume 1, Page 123-126, Plat Records of Blanco County, Texas; TOGETHER WITH ingress and egress easement more particularly described in Volume 112, Page 782, Deed Records of Blanco County, Texas.

Prior Lien(s): None.

Other Exceptions to Conveyance and Warranty: None.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property, subject to the other exceptions to conveyance and warranty. On payment of the note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

## Clauses and Covenants

**A. Grantor's Obligations**

Grantor agrees to—

1. keep the property in good repair and condition;

2. pay all taxes and assessments on the property before delinquency, not authorize a taxing entity to transfer its tax lien on the property to anyone other than Beneficiary, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3. defend title to the property subject to the other exceptions to conveyance and warranty and preserve the lien's priority as it is established in this deed of trust;

4. maintain all insurance coverages with respect to the property, revenues generated by the property, and operations on the property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary, and deliver evidence of the Required Insurance Coverages in a form acceptable to Beneficiary at least ten days before the expiration of the Required Insurance Coverages;

5. obey all laws, ordinances, and restrictive covenants applicable to the property;

6. keep any buildings occupied as required by the Required Insurance Coverages;

7. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8. notify Beneficiary of any change of address.

**B. Beneficiary's Rights**

1. Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3. Beneficiary may apply any proceeds received under the property insurance policies covering the property either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy. If the property is Grantor's primary residence and Beneficiary reasonably determines that repairs to the improvements are economically feasible, Beneficiary will make the insurance proceeds available to Grantor for repairs.

4. Notwithstanding the terms of the note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

5. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6. If a default exists in payment of the note or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Beneficiary may—

    a. declare the unpaid principal balance and earned interest on the note immediately due;

    b. exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect;

    c. direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    d. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

7. Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

C. **Trustee's Rights and Duties**

If directed by Beneficiary to foreclose this lien, Trustee will—

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2. sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;

3. from the proceeds of the sale, pay, in this order—

    a. expenses of foreclosure, including a reasonable commission to Trustee;

    b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c. any amounts required by law to be paid before payment to Grantor; and

    d. to Grantor, any balance; and

4. be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust

created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

D.   **General Provisions**

1. If any of the property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any trustee's deed conveying the property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien will remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5. If any portion of the note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6. Grantor assigns to Beneficiary all amounts payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the property.

7. Grantor collaterally assigns to Beneficiary all present and future rent from the property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the note and performance of this deed of trust, but if the rent exceeds the amount due with respect to the note and the deed of trust, Grantor may retain the excess. If a default exists in payment of the note or performance of this deed of trust, Beneficiary may exercise Beneficiary's rights with respect to rent under the Texas Property Code, as then in effect. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary will apply all rent collected under this paragraph as required by the Texas Property Code, as then in effect. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies.

8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.

This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. If Grantor transfers any part of the property without Beneficiary's prior written consent, Beneficiary may declare the note immediately payable and invoke any remedies provided in this deed of trust for default. If the property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the property; (b) creation of a purchase-money security interest for household appliances; (c) grant of a leasehold interest of three years or less without an option to purchase; (d) transfer to a spouse or children of Grantor; (e) transfer to a relative of Grantor on Grantor's death; (f) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the property; or (g) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the property.

11. When the context requires, singular nouns and pronouns include the plural.

12. The term *note* includes all extensions, modifications, and renewals of the note and all amounts secured by this deed of trust.

13. This deed of trust binds, benefits, and may be enforced by successors in interest of all parties.

14. If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

15. Grantor and each surety, endorser, and guarantor of the note waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003 and 51.004 of the Texas Property Code.

16. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18. Grantor represents that this deed of trust and the note are given for the following purposes:

> This deed of trust is given to comply with the Final Decree of Divorce and obligation imposed therein in Cause No. 13-2647, rendered by the 428th Judicial District Court of Hays County, Texas, styled "In the Matter of the Marriage of K.R.J. and A.J. and in the Interest of R.A.J., C.A.J. and G.G.J., minor children."

_____
Alexander Emerick Jones

STATE OF TEXAS            )

COUNTY OF                 )

    This instrument was acknowledged before me on ___March 19th 2015___ by the Back of the Moon, undersigned Alexander Emerick Jones, Grantor

_____
Notary Public, State of Texas



TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

After Recording, Return To:

James S. Gilbreath
1301 S. Capital of Texas Highway
Suite C-120
Austin, Texas   78746

STATE OF TEXAS
COUNTY OF BLANCO
I hereby certify that this instrument was FILED in File Number Sequence on the date and the time stamped hereon by me and was duly RECORDED in Official Public Records of Blanco County, Texas on

**MAR 26 2015**



_Jounna Waldo_
COUNTY CLERK
BLANCO COUNTY, TEXAS

VOL 505 PAGE 0584

## CERTIFICATE OF SERVICE

On or about January 24, 2020, immediately after filing my Involuntary Petition against Alexander Emric Jones, I filed Suggestions of Bankruptcy in Travis County District Court case D-1-FM-005030 and the only then pending related Habeas Corpus action D-1-FM-19-008556.

Today, Friday, February 7, 2020, I hereby certify that I served a true-and-correct copy of my above-and-foregoing *Notice of Bankruptcy Removal Pursuant to 28 U.S.C. §§1334 & 1452* on Petitioner's counsel of record, Randall & Alison Wilhite and David Minton, as well as Heidi Lee Heinrich and the Court personnel of the 261st Judicial District Court. Personal hand and/or e-mail service were rendered pursuant to the Texas Rules of Civil Procedure utilizing the e-mail addresses listed below.

Tiffaney Gould
Tiffaney.Gould@traviscountytx.gov
Randall B. Wilhite
service@fullenweider.com
David F. Minton
eservice@mbfc.com
Heidi Lee Henrich
heidi@heinrichchristian.com

The Honorable Judge Lora J. Livingston
(Judge 261st District Court, Travis County, Texas)
Brent Douglas McCabe (261st Court Staff Attorney)
Mary Jane Lawson (261st Court Operations Officer)

*/s/ Kelly R. Jones*
Kelly R. Jones *in propria persona,*
Removing Respondent, **pro se**
From Travis County 261st District Court
Texas Civil Cause No. D-1-FM-005030
11601 Hwy 290 W.
Suite A101-307
Austin, Texas 78737
Designated Legal Ph#**888-995-3559**